IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Plaintiff,

v.                                                    Case No. 23-cv-0902-WJ-GBW

D. JACKSON, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff's Prisoner Civil Complaint (Doc. 1-1) (Complaint). Plaintiff is incarcerated and *pro se*. He alleges, inter alia, that prison officials violated his due process rights by fabricating a misconduct report for the purpose of transferring him out of the prison. *See* Doc. 1-1 at 3-8. Prison officials allegedly refused to consider exculpatory evidence and that he spent over a year in solitary confinement after the transfer. *Id.* Plaintiff states he successfully obtained habeas relief in connection with the misconduct report, but he now seeks damages. *Id.* at 5. The Complaint names: (1) D. Jackson; (2) Mathew Montoya; (3) Timothy Hatch; (4) T. Hernandez; and (5) GEO Group (GEO). *Id.* at 2-3.

    Having reviewed the matter *sua sponte* pursuant to 28 U.S.C. § 1915A, the Court finds Plaintiff's claims against each non-corporate Defendant (*i.e.,* Jackson, Montoya, Hatch, and Hernandez) survive initial review. The Tenth Circuit has previously reversed a screening dismissal where, as here, Plaintiff raised 42 U.S.C. § 1983 claims based on the denial of due process in a prison disciplinary proceeding. *See Franklin v. Anaya,* 2023 WL 6060560, at *1 (10th Cir. Sept. 18, 2023). The Complaint also connects each non-corporate Defendant to the alleged

wrongdoing. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998) (a successful civil rights claim must connect each defendant to the alleged wrongdoing). Plaintiff alleges Jackson fabricated the misconduct report; Montoya and Hernandez supported a finding of guilt without reviewing exculpatory evidence; and Hatch declined to give relief on appeal. *See* Doc. 1-1 at 6.

Plaintiff is not proceeding *in forma pauperis* in this Court and is therefore not entitled to court-supplied service on the non-corporate Defendants. *See* Fed. R. Civ. P. 4(c)(3). Plaintiff filed a certificate of service on August 7, 2024, which states "each Defendant has been served." Doc. 5. However, the certificate goes on to state that Plaintiff mailed a copy of the certificate of service to Michael Jahner, counsel for GEO. It is unclear how Plaintiff served the remaining Defendants or which address(es) he used for those parties. Within thirty (30) days of this Order, Plaintiff must: (1) effectuate service on Jackson, Montoya, Hatch, and Hernandez, if he has not already done so, and (2) file an amended certificate of service reflecting the date of service and address used for each non-corporate Defendant. If Plaintiff fails to timely comply with this Order and/or the service requirements of Rule 4, the Court may dismiss his claims against any unserved Defendants without further notice.

As to GEO, the Court will not yet require a response. The Complaint alleges GEO "is liable [for] the actions of its employees constituting respondeat superior." Doc. 1-1 at 8. It is well settled that "vicarious liability is inapplicable to ... § 1983 suits." *Rascón v. Douglas*, 718 Fed. App'x 587, 589–90 (10th Cir. 2017); *see also Green v. Denning*, 465 Fed. App'x 804, 806 (10th Cir. 2012) ("An entity cannot be held liable solely because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a respondeat superior theory.") (quotations omitted). To state a § 1983 claim against a corporate entity, the complaint must plead sufficient

facts to establish: (1) an employee or agent of the entity committed a constitutional violation, and (2) that a policy or custom of the municipality of corporation "was the moving force behind the constitutional deprivation." *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998); *see also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) ("extend[ing] the … doctrine to private § 1983 defendants").  The Complaint does not allege the wrongdoing is traceable to a policy or custom by GEO.  It therefore fails to state a federal § 1983 claim against GEO.

The Court will allow Plaintiff to file a supplement that amends his claims against GEO before ordering GEO to file any answer.  The supplement should include <u>all</u> claims against GEO, including any federal § 1983 claims and state law claims that Plaintiff wishes to assert against that particular Defendant.  The Court will defer ruling on how/whether to proceed on state law claims against GEO until after reviewing the amended § 1983 claims, if any.  The supplement is due within thirty (30) days of entry of this ruling.  The failure to timely amend federal § 1983 claims against GEO may result in dismissal of those claims with prejudice, either by separate order or in a broader dispositive ruling on the case.

**IT IS ORDERED** that the claims in Plaintiff's Prisoner Civil Complaint (Doc. 1-1) against Jackson, Montoya, Hatch, and Hernandez survive initial review; and within thirty (30) days of entry of this ruling, Plaintiff must: (1) effectuate service on Jackson, Montoya, Hatch, and Hernandez, if he has not already done so, and (2) file an amended certificate of service reflecting the date of service and address used for Jackson, Montoya, Hatch, and Hernandez.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this ruling, Plaintiff shall file a supplement that amends his 42 U.S.C. § 1983 claims against GEO and restates any state

3

law claims against GEO.

**SO ORDERED**.

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE